# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 24, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  13-14507-CC
Case Style: USA v. Luis Mesa
District Court Docket No: 1:12-cr-20388-KMW-1

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel. A copy of the court's decision was previously forwarded to counsel on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to:  Joe Caruso
Phone #:  (404) 335-6177

Enclosure(s)

MDT-1 Letter Issuing Mandate

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**

_____

No. 13-14507

_____

District Court Docket No.
1:12-cr-20388-KMW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUIS MANUEL MESA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: October 23, 2014
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate
November 24,
2014

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14507
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20388-KMW-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

LUIS MANUEL MESA,

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2014)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury found Luis Mesa guilty on four counts of a five-count superseding indictment: Count One, conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349; Count Two, bank fraud, in violation of 18 U.S.C. § 1344; Count Three, wire fraud, in violation of 18 U.S.C. § 1343; and Count Four, conspiracy to commit arson, in violation of 18 U.S.C. § 844(n).  At sentencing, the District Court found the applicable Guidelines sentence range to be 78–97 months' imprisonment,[1] and sentenced Mesa to concurrent prison terms of eighty-six months.

Mesa now appeals his sentences, presenting these arguments: the District Court committed clear error (1) in calculating the Guidelines sentence range by imposing a leadership role enhancement because he was not a manager or organizer of the arson and fraud conspiracies, the fraud conspiracy did not involve five or more participants, and the conspiracy was not otherwise extensive; (2) by imposing a sophisticated means enhancement because the scheme constituted "run-of-the-mill" mortgage fraud; and (3) in calculating the victim's loss for sentencing purposes.  We are not persuaded and affirm.

I.

---

[1]  Because Mesa's Counts 1–3 fraud charges and the Count 4 charge involved separate harms, they were grouped separately.  *See* U.S. Sentencing Guidelines Manual [hereinafter U.S.S.G.] § 3D1.1(a)(3).  The total offense level for the fraud charges was 26 and for the arson charge 25.  Pursuant to U.S.S.G § 3D1.4, two levels were added to the highest total offense level, 26, for a combined total offense level of 28.  Mesa's criminal history category was I.

A defendant's role as an organizer or leader is a factual finding that we review for clear error to determine if the enhancement under U.S.S.G § 3B1.1 was applied appropriately. *United States v. Ramirez,* 426 F.3d 1344, 1355 (11th Cir. 2005). Under the clear error standard, we will not disturb a factual finding absent a definite and firm conviction that a mistake has been made. *United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009). The government must prove the existence of a leadership role by a preponderance of the evidence. *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993). The findings of fact of the sentencing court may be based on undisputed statements in the presentence report. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

In a case where a defendant is an "organizer, leader, manager, or supervisor" over one or more co-participants in a criminal activity, a two-level sentencing enhancement applies. U.S.S.G. § 3B1.1(c). There can be more than one person who qualifies as a leader or organizer of a conspiracy. *Id.* § 3B1.1, comment. (n.4).

In evaluating whether this enhancements applies, district courts should consider: (1) the exercise of decision-making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the

3

illegal activity; and (7) the degree of control and authority exercised over others.

*Ramirez,* 426 F.3d at 1355; U.S.S.G. § 3B1.1, comment. (n.4).  All of these

considerations, however, need not be present.  *Ramirez,* 426 F.3d at 1356.

We uphold a § 3B1.1 enhancement where the defendant "had decision-

making authority and exercised control."  *United States v. Suarez*, 313 F.3d 1287,

1294 (11th Cir. 2002).  Giving orders to others involved in the conspiracy qualifies

as an exertion of influence or control.  *United States v. Vallejo*, 297 F.3d 1154,

1169 (11th Cir. 2002).

Where the defendant is a "manager or supervisor (but not an organizer or

leader) and the criminal activity involved five or more participants or was

otherwise extensive," a three-level sentencing enhancement applies.  U.S.S.G.

§ 3B1.1(b).  A "participant" is a person who is criminally responsible for the

offense, but need not have been convicted.  *United States v. Williams*, 527 F.3d

1235, 1248 (11th Cir. 2008).  When determining the number of participants, the

defendant is considered to be one of the five.  *United States v. Holland*, 22 F.3d

1040, 1045 (11th Cir. 1994).  In deciding whether individuals were participants in

the criminal activity, the court must consider all acts or omissions that were part of

the same course of conduct or common scheme or plan as the offense of

conviction.  *Id.* at 1045–46.

We conclude that the District Court did not clearly err by finding that Mesa was an "organizer, leader, manager, or supervisor" over one or more co-participants in the arson conspiracy.  Mesa and his nephew planned and organized the arson, recruited Daniel Villar, provided instructions to Villar, ordered Villar to execute the arson, and instructed Villar on how to receive payment for his services, all of which demonstrate that Mesa exercised control over Villar and qualified for a two-level enhancement under U.S.S.G. § 3B1.1(c).  *See Ramirez,* 426 F.3d at 1355; *see also Vallejo*, 297 F.3d 1154, 1169.  Looking at all relevant conduct, including the arson, which was an attempt to cover up the fraud in furtherance of the conspiracy, the entirety of the scheme involved at least seven participants—Mesa, the defendant; Nersy Bermudez, the straw purchaser; Angel Diaz, Mesa's straw purchase recruiter; Mario Olivia, a joint holder of Bermudez's fraudulent Wachovia account; Yansel Mesa, Mesa's nephew; Villar, the hired arsonist; and a woman who was supposed to pay Villar, presumably Lucy Hernandez.  *See Williams*, 527 F.3d at 1248.  Accordingly a two-level enhancement was appropriate for the arson conspiracy, and a three-level enhancement was appropriate for the mortgage fraud conspiracy.

## II.

We also review the district court's finding that the defendant used sophisticated means for clear error.  *United States v. Ghertler*, 605 F.3d 1256, 1267

(11th Cir. 2010).  The Guidelines provide for a two-level enhancement if the fraud in question "involved sophisticated means."  U.S.S.G. § 2B1.1(b)(10)(C). Sophisticated means refers to especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense.  *Id.* § 2B1.1, comment. (n.8(B)). There is no requirement that each of a defendant's individual actions be sophisticated in order to impose the enhancement.  *Ghertler*, 605 F.3d at 1267.  Rather, it is sufficient if the totality of the scheme was sophisticated.  *Id.*

Coordinated conduct and attempted concealment of the offense, including the destruction of incriminating evidence, may constitute sophisticated means.  *See United States v. Bane*, 720 F.3d 818, 826–27 (11th Cir.), *cert. denied*, 134 S. Ct. 835 (2013).  Additionally, creation of false documents and the use of third parties for money transfers may constitute sophisticated means.  *See Ghertler*, 605 F.3d at 1268.

The District Court did not clearly err by determining that Mesa's mortgage fraud conspiracy involved sophisticated means.  The fraud involved coordinated conduct between organizers, such as Mesa, straw buyers, recruiters of straw buyers, and loan agents, all of which Mesa attempted to conceal from the victim, JP Morgan Chase Bank ("Chase"), by submitting false loan applications, forging HUD statements, and creating third-party bank accounts used solely to perpetuate the fraud.  *See Bane*, 720 F.3d at 826–27; *see also Ghertler*, 605 F.3d at 1268.

Additionally, once alerted that an audit might uncover the fraud, Mesa attempted to further conceal it by ordering Villar to burn down Closing Table of South Florida, Inc. and Pylon Mortgage Corporation, with specific instructions to pour gasoline on the computers in order to destroy evidence. *See Bane*, 720 F.3d at 826–27. Even if certain elements of the conspiracy resembled "run-of-the-mill" fraud, the totality of the scheme was sophisticated, the court did not clearly err in finding as such. *See Ghertler*, 605 F.3d at 1267.

### III.

The district court's determination of loss is likewise reviewed for clear error. *United States v. Barrington*, 648 F.3d 1178, 1197 (11th Cir. 2011). In fraud cases, the Guidelines provide for a fourteen-level enhancement if the victim's loss is more than $400,000, but less than $1,000,000. U.S.S.G. § 2B1.1(b)(1)(H–I).

Loss is the greater of the actual loss—the reasonably foreseeable pecuniary harm that resulted from the offense—or intended loss—the pecuniary harm that was intended to result from the offense, even if the harm was impossible or unlikely to occur. *Id.* § 2B1.1, comment. (n.3(A)(i–ii)). Where collateral is pledged or provided by the defendant, the loss amount is to be reduced by the amount the victim has recovered at the time of sentencing from disposition of the collateral. *Id.* § 2B1.1, comment. (n.3(E)(ii)). A reasonably foreseeable pecuniary

7

harm is one that the defendant knew or reasonably should have known was a potential result of the offense.  *Id.* § 2B1.1, comment. (n. 3(A)(iv)).

We find no clear error in the court's calculation of Chase's loss for the purposes of Mesa's sentencing enhancement.  Mesa's fraudulent conduct caused Chase to loan $583,200 to Bermudez, a straw buyer who had no intention of ever repaying the loan.  Pursuant to U.S.S.G. § 2B1.1, comment. (n.3(E)(ii)), Chase was able to recover some of its loss by sale of the collateral for $144,350, yielding a total loss of $438,850.  Accordingly, since Chase's actual loss exceeded $400,000, the court correctly applied a fourteen-level loss enhancement.  *Id.* § 2B1.1(b)(1)(H).

AFFIRMED.